IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BOBBY WAYNE LINSCOME, 1127000, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:06-CV-222-L |
| ) | ECF |
| NATHANIEL QUARTERMAN, Director ) | |
| Texas Department of Criminal Justice, ) | |
| Correctional Institutions Division ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Background**

On September 11, 2002, Petitioner was convicted in two cases of theft of property less than $1500, enhanced by two prior felonies. *State of Texas v. Donald Linscome*, Nos. F-0250229-UM and F-0250841-VM (194th Jud. Dist. Ct., Dallas County, Tex., Sept. 11, 2002). Petitioner was sentenced to fifteen years confinement in each case, to run concurrently. On October 29, 2003, the Fifth District Court of Appeals affirmed the convictions. *Linscome v. State*, Nos. 05-02-01505-CR and 05-02-1506-CR (Tex. App.– Dallas, Oct. 29, 2003, pet ref'd). On March 10, 2004, the Court of Criminal Appeals refused Petitioner's petition for discretionary review. *Linscome v. State*, PDR No. 2031-01.

On June 27, 2005, Petitioner filed two state petitions for writ of habeas corpus

challenging both of his convictions. *Ex parte Linscome*, Application Nos. 63,512-01 and -02. On December 14, 2005, the Court of Criminal Appeals denied the petitions without written order. *Id*. at cover.

On February 3, 2006, Petitioner filed this federal petition. Petitioner argues: (1) he received ineffective assistance of counsel; (2) his sentence was illegal; and (3) he is actually innocent.

## II.  Discussion

### 1.    Factual Background

The following statement of facts is taken from the opinion of the Fifth Court of Appeals:

> The trial in these cases was short and consisted primarily of the testimony of Rhonda Gold and Ron Davis, employees of the two stores from which [Linscome] was accused of shoplifting. Gold testified she was working as a cashier at a local Diamond Shamrock when [Linscome] entered the store and drew her attention to a bag of shoes he was carrying. According to Gold, [Linscome] then began walking through the store, taking several items off the shelves and placing them in his clothing. When it appeared [Linscome] was about to leave, Gold rushed to the front door, locked it, and dialed 911. When [Linscome] saw a police officer approaching, he began taking items out of his pants and placing them on the counter. The officer later removed the remaining items. Among those items were eight medicine packages, a beer bottle, coffee, and bottles of hot sauce. Gold testified [Linscome] did not have permission to take those items and she believed he took them intending to deprive her of them.
>
> Davis, a manager at a local Racetrac, testified he was helping a customer when [Linscome] entered, placed a bag down on the counter, and walked towards the back of the store. From a domed mirror in that section, Davis could see [Linscome] "fumbling with his clothes." A few moments later, [Linscome] approached Davis and paid for a soda. When [Linscome] began to leave, Davis stopped him and told him to put the items he had hidden in his clothing back or he would call the police. [Linscome] responded that he had not taken anything and Davis warned him again. When [Linscome] denied taking anything a second time, Davis locked the doors and dialed 911. At that point, [Linscome] began returning to the shelves the items he had taken, including four cans of food, one bar of soap, and two bottles of beer. By the time police arrived, [Linscome] had returned all the items. Like Gold, Davis testified [Linscome] did not have his permission to take any of the items and he believed [Linscome] was taking them with the intent of depriving him of them.

[Linscome] did not testify and did not call any witnesses.

*Linscome v. State*, Nos. 05-02-01505-CR and 05-02-01506-CR at 1-2.

**2.    Standard of Review**

The pertinent terms AEDPA state:

(d)    An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

   (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

   (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

This amendment applies to all federal habeas corpus petitions which are adjudicated on the merits in state court after April 24, 1996. *See Lindh*, 521 U.S. at 336. The petition in this case is subject to review under the AEDPA.

**3.      Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

In this case, Petitioner argues he received ineffective assistance of appellate counsel because counsel failed to raise a double jeopardy argument. It appears Petitioner is arguing that his two convictions for theft under $1500 violated the Double Jeopardy Clause.

The Double Jeopardy Clause protects against multiple prosecutions and punishments for the same offense. *See Monge v. California*, 524 U.S. 721, 727-28 (1998). The Double Jeopardy Clause protects against: "(1) prosecution of the same offense after acquittal; (2) prosecution of the same offense after conviction; and (3) multiple punishments for the same offense." *United*

*States v. Berry*, 977 F.2d 915, 918 (5th Cir. 1992).

Petitioner's claims do not implicate any of the interests protected by the Double Jeopardy Clause. The offenses in cause numbers F-0250229-UM and F-025081-VM were committed on different dates, the indictments allege different complaining witnesses and both offenses involve different property. Petitioner has therefore not shown a violation of the Double Jeopardy Clause, and his counsel was not deficient for failing to raise this claim. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) ("stating counsel is not required to file frivolous motions"). Petitioner's claim should be denied.

**4.     Procedural Bar**

Respondent argues that Petitioner's claims that his sentence was illegal and that he is actually innocent are procedurally barred. If a state court has declined to address a prisoner's federal claims because the prisoner failed to meet a state procedural requirement, such as filing a petition for discretionary review, the procedural bar applies. *See Coleman v. Thompson*, 501 U.S. 722, 729-31 (1991). The general rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply when a petitioner has not presented his claims to the highest court of the state and the state court to which he would be required to present his claims would now find the claim procedurally barred. *Id*.

The records reflects that Petitioner did not raise these claims in either his petition for discretionary review or in his state habeas petition.[1] Accordingly, the Texas Court of Criminal Appeals has not reviewed the claims. The claims cannot be reviewed by a state court because it

---

[1] On state habeas review, Petitioner raised the claim that his conviction was illegal because his state jail felonies could not be enhanced. In this case, he argues his convictions were illegal because he was indicted in the 291st and 292nd District Courts, but he was tried in the 194th District Court.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -5-

is too late to file a petition for discretionary review. If this Court were to require Petitioner to return to state court to exhaust these claims, they would be subject to dismissal. Federal courts ordinarily will not review questions of federal law when such a state procedural bar exists.

To overcome the procedural bar established by the abuse-of-the-writ doctrine, a petitioner must demonstrate: (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider the claims will result in a "fundamental miscarriage of justice." *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 750). Petitioner has not shown sufficient cause for his failure to present these claims to the Texas Court of Criminal Appeals.

Petitioner has also failed to demonstrate the need to prevent a miscarriage of justice. This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish the required probability that he was actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id*. (citing *Schlup*, 513 U.S. at 327).

Petitioner states he has new evidence showing that the district attorney committed perjury in her brief on state habeas review. Petitioner attaches a portion of her brief where she states: "Applicant pled guilty to a State Jail felony, which was enhanced by two prior felony convictions into a second-degree felony." (*Ex parte Linscome*, No. 63,512 at 25). Petitioner, in fact did not plead guilty, but was found guilty by a jury. The first page of the state's brief

correctly states that Petitioner was convicted by a jury. (*Id*. at 24). Further, the trial court's Findings of Fact and Conclusions of Law correctly states that Petitioner was convicted by a jury. (*Id*. at 35). Petitioner has failed to show that this error in the state's brief would make it more likely than not that no reasonable juror would have convicted him in light of this evidence. Petitioner has not overcome the state procedural bar. Accordingly, the procedural default doctrine bars federal habeas relief on Petitioner's claims that his sentence was illegal and he is actually innocent.

**5.   Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 21st day of March, 2007.

_____
**PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE**

**INSTRUCTIONS FOR SERVICE AND**
**<u>NOTICE OF RIGHT TO OBJECT</u>**

The United States District Clerk shall serve a copy of these findings and recommendations on the parties.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy.  A party filing objections must specifically identify those findings and recommendations to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court.  *See Thomas v. Arn*, 474 U.S. 140 (1985).  Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).